**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2018[*]
Decided October 10, 2018

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1845

| | |
|---|---|
| ERIC ERICSON,<br>  *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 17 C 50204 |
| PHILLIP C. FRANKENBERRY, et al.,<br>  *Defendants-Appellees.* | Frederick J. Kapala,<br>*Judge.* |

**O R D E R**

   While Eric Ericson, a pilot, was sleeping in an airport pilot's lounge at night, two men shook him awake. The men, unknown to Ericson, were police officers. After Ericson refused their repeated requests that he identify himself, the officers arrested him. In this suit, Ericson primarily contends that the officers arrested and searched him in violation of the Fourth Amendment. The district court dismissed his complaint for

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

failure to state a claim. We affirm because, based on Ericson's allegations, when the officers arrested and searched him they had probable cause to believe that he had committed a crime.

We take the following well-pleaded facts as true and construe all reasonable inferences in Ericson's favor. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017). At 4:30 a.m. one night in July 2015, Ericson was sleeping in the pilot's lounge, which is always open, at the Rochelle Municipal Airport in Ogle County, Illinois. A man walked into the lounge, awakened Ericson, and asked that Ericson provide identification. Ericson refused to answer because the man did not identify himself. Unknown to Ericson, he was Phillip Frankenberry, a police officer employed by the City of Rochelle. Another unidentified man then entered the lounge and blocked the exit. Ericson would later learn that this second man was Aaron Rodabaugh, also a police officer. Both men repeatedly told Ericson to identify himself, but Ericson remained defiantly silent. They ultimately arrested Ericson on charges that he resisted and obstructed one "known to the person to be a peace officer," 720 ILCS 5/31-1(a), and searched his belongings. They then transported him to jail, where a sheriff's deputy detained him based on the arrest until he was bonded out the next day. State prosecutors charged him with both obstructing and resisting a police officer. They later voluntarily dropped the obstruction charge, and the judge granted Ericson's motion to dismiss the other.

Ericson responded with this suit. Three sets of claims are at issue on appeal. First, he pursues Fourth Amendment claims against the two officers for arresting and searching him unreasonably. Second, Ericson brings a malicious-prosecution claim against the assistant state's attorneys who prosecuted him. Finally, he brings a claim against a sheriff's deputy for unreasonably detaining him.

The district court granted the defendants' motion to dismiss the suit. On the first claim, the officers conceded that Ericson had plausibly alleged that they lacked probable cause to arrest him for resisting or obstructing one known to Ericson to be a police officer. Nonetheless, they continued, and the court agreed, the arrest was valid anyway because they had probable cause to believe that Ericson was violating another law—an anti-loitering ordinance, ROCHELLE, ILL., MUNICIPAL CODE § 18-169 (2013). On the second claim, the assistant state's attorneys successfully argued that they were entitled to absolute prosecutorial immunity. Finally, the claim against the sheriff's deputy failed because, the court explained, probable cause justified the one-day detention.

Ericson's main argument on appeal is that the district court erred in determining that probable cause supported the arrest, search, and jailing. As they did in the district court, the arresting officers concede that, based on Ericson's allegation that they did not tell him that they were police officers, they lacked probable cause to arrest him for resisting or obstructing a police officer. They observe, however, that his arrest is nonetheless valid if a reasonable officer would have had probable cause to arrest him for a different crime. *See Whren v. United States*, 517 U.S. 806, 819 (1996); *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007). Moreover, they maintain that they had probable cause to arrest Ericson for violating the municipal ordinance against loitering.

We agree with the officers that they had probable cause to believe that Ericson had violated the anti-loitering ordinance. That ordinance prohibits remaining in the airport "in an area for no obvious reason." ROCHELLE, ILL., MUNICIPAL CODE §§ 18-169, 18-37 (2013). Ericson argues on appeal that he was there "for the very obvious reason [of] what anyone does at 4:30 a.m." in the pilot's lounge: sleep. According to his complaint, however, that reason was *not* obvious to the officers, and probable cause is assessed from the perspective of the arresting officer, not the arrestee. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). When the officers repeatedly asked Ericson to identify himself, he defiantly remained silent. He did not tell them who he was or that he was a pilot. Although the officers allegedly saw him sleeping, once Ericson refused their reasonable request that he identify himself, and he rebuffed all efforts at conversation, the officers could have reasonably concluded that he had "no obvious reason" for remaining there. So probable cause supported the arrest. (Ericson's alternative argument—that the ordinance is unconstitutional under *City of Chicago v. Morales*, 527 U.S. 41 (1999)—is forfeited because he did not argue this point to the district court. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012)).

Next, Ericson unpersuasively challenges the dismissal of his claim against the prosecutors for malicious prosecution. He contends that the assistant state's attorneys "tried to charge a crime" that Ericson "never committed," and those actions "cannot be anything but malicious prosecution." But under *Imbler v. Pachtman*, 424 U.S. 409 (1976), prosecutors are entitled to absolute immunity for initiating a judicial proceeding. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).

Ericson also challenges the dismissal of his claim that the sheriff's deputy unreasonably detained him for one day, but this argument is meritless. Ericson believes that, if his claims against the arresting officers "survive for a lack of probable cause to arrest" "then so too should" his claim against the deputy. This argument fails for two

reasons. First, the arresting officers did have probable cause to arrest him. Second, Ericson has not alleged that the deputy was at the scene of the arrest. Rather, he alleges that the deputy was at the jail and detained Ericson based on the arresting officers' assertion that Ericson had obstructed and resisted them. In detaining an arrestee, an officer is constitutionally permitted to rely on information supplied by other officers if he has no reason to question that information. *United States v. Parra*, 402 F.3d 752, 764 (7th Cir. 2005); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). Here, Ericson does not allege that the sheriff's deputy had any reason to question what the arresting officers had said about their reasons for his arrest.

AFFIRMED

Rovner, *Circuit Judge,* concurring in part and dissenting in part. I agree with my colleagues that dismissal of the claim for malicious prosecution against the assistant state's attorneys was appropriate because prosecutors are afforded absolute immunity when initiating judicial proceedings. I also agree that the claim against the sheriff's deputy for unreasonable detention was properly dismissed because that deputy was entitled to rely on the information supplied to him by the arresting officers in the absence of any reason to question that information. But in my view, dismissal of the claims against the arresting officers was premature.

In reviewing a dismissal for failure to state a claim, we accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those facts in favor of Ericson. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). As the majority concludes, based on Ericson's allegation that the men who awoke him in the pilot's lounge did not identify themselves as police officers, the officers lacked probable cause to arrest him for resisting or obstructing a police officer. The arrest would nevertheless be appropriate if the officers had probable cause to believe that Ericson had committed some other crime.

But no reasonable officer could have believed that Ericson had committed the crime of loitering as that offense is defined by the Rochelle Code of Ordinances (hereafter "Code"). The applicable part of the Code provides:

> No person shall loiter on any part of the airport or in any building on the airport. Violators will be subject to the provisions of section 66-403 of the Municipal Code.

Code, Sec. 18-169. The Code further provides that, "Loiter means to remain in an area for no obvious reason." Code, Sec. 18-37. This provision is virtually identical to the Chicago loitering ordinance invalidated by the Supreme Court some twenty years before these officers arrested Ericson. That ordinance defines "loiter" as "to remain in any one place with no apparent purpose." *City of Chicago v. Morales*, 527 U.S. 41, 61 (1999). "Area" is a synonym for "place," and "obvious reason" is indistinguishable from "apparent purpose." Arresting a person for violating an ordinance that is essentially identical to one that has been invalidated by the Supreme Court is a mistake of law. And although the Supreme Court has found that "reasonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition," I am aware of no case allowing officers to make a warrantless arrest on probable cause for violating an invalidated law. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014). *See also United States v.*

*Howard*, 883 F.3d 703, 707 (7th Cir. 2018) (an officer may make a warrantless arrest consistent with the Fourth Amendment if there is probable cause to believe that a crime has been committed). That the unrepresented plaintiff failed to apprehend the importance of this point does not mean that we are similarly constrained. We should not countenance an arrest made for a non-existent crime and we should certainly not do so on a motion to dismiss.

This is especially true in light of other provisions of the Code that would have been known to reasonably trained officers of the Rochelle police department. Section 66-403 of the Code, which is incorporated by reference in the invalidated loitering ordinance, defines a number of offenses including assault, battery, reckless conduct, criminal housing management, criminal damage to property, criminal trespass to vehicles, criminal trespass to real property, resisting or obstructing a peace officer, possession or discharge of an air rifle, fighting in public places, and offering drug paraphernalia for sale. The only crimes on this list that a reasonable officer might have contemplated when confronting Ericson were resisting or obstructing a police officer (which everyone agrees cannot be the basis for the arrest given the facts pleaded in the complaint), or criminal trespass to real property. But section 66-403(g)(1)(a) specifically provides that the criminal trespass law does "not apply to being in a building which is open to the public while the building is open to the public during its normal hours of operation." Ericson pleaded in his complaint that the pilot lounge of the airport is "in a public building open continuously 24 hours a day." Although discovery might reveal facts extinguishing Ericson's case, we are confined to the well-pleaded complaint. Dismissal was premature because there could be no trespass or loitering on those facts. I therefore respectfully dissent in part.